IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CR 19–153–BLG–DLC |
| Plaintiff, | |
| vs. | ORDER |
| JOSHUA JOHN WELLIVER, | |
| Defendant. | |

On November 17, 2023, Defendant Joshua John Welliver filed a motion to reduce his 84-month federal sentence under 18 U.S.C. § 3582(c)(1)(A). (Doc. 62.) His projected release date is October 24, 2025. *See* Inmate Locator, http://www.bop.gov/inmateloc (accessed February 27, 2024). On December 7, 2023, counsel was appointed to represent Welliver. (Doc. 64.) Appointed counsel filed a brief in support of Welliver's motion on January 29, 2024. (Doc. 65.) The government opposes the motion. (Doc. 67.)

### ANALYSIS

The First Step Act gives district courts wide discretion to reduce an existing term of imprisonment so long as a defendant first seeks relief from the Bureau of Prisons and the reduction: (1) takes into consideration the sentencing factors set forth in 18 U.S.C. § 3553(a); (2) is warranted by "extraordinary and compelling

1

reasons," or the defendant is at least 70 years old and has served at least 30 years in prison; and (3) is consistent with the applicable policy statements of the United States Sentencing Commission.  18 U.S.C. § 3582(c)(1)(A); *United States v. Keller*, 2 F.4th 1278, 1284 (9th Cir. 2021) (per curiam).  The Sentencing Commission's relevant policy statement adds that the Court may not reduce a term of imprisonment unless "the defendant is not a danger to the safety of any other person or to the community."  U.S. Sent'g Guidelines Manual § 1B1.13(a)(2) (U.S. Sent'g Comm'n 2023).[1]

Mr. Welliver argues that the pandemic-induced conditions of confinement he has endured warrant a reduction in his sentence.  (Doc. 65 at 6–10.)  Mr. Welliver further argues that "he must be given relief based upon his mother being seriously ill which limits her ability to care for Mr. Welliver's minor children."  (*Id.* at 5.)  For the reasons discussed below, the Court denies the motion.

I.  **Exhaustion of Administrative Remedies**

A defendant may only file a motion for compassionate release with the district court once he has "fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the

---

[1] The United States Sentencing Commission recently revised § 1B1.13 of the Sentencing Guidelines Manual, in part, moving the Commission's policy statements that were previously in commentary notes into the actual Guidelines text.  *See* 2023 Amendments to the Sentencing Guidelines, Policy Statements, and Official Commentary, First Step Act—Reduction in Term of Imprisonment Under 18 U.S.C. § 3582(c)(1)(A) (effective Nov. 1, 2023) (available at https://www.ussc. gov/guidelines/amendments/adopted-amendments-effective-november-1-2023).

lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A). On August 29, 2023, Welliver submitted a request for reduction in sentence to the Warden of FCI Sheridan. (Doc. 62-1 at 2.) It appears from Defendant's exhibits that the Warden has not responded to the request. Thus, Mr. Welliver has exhausted his administrative remedies.

## II. Extraordinary and Compelling Reasons

The Sentencing Commission provides explicit examples of what constitutes an "extraordinary and compelling reason," including where the defendant is "suffering from a serious physical or medical condition . . . that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover," or where "[t]he defendant is suffering from a medical condition that requires long-term or specialized medical care that is not being provided and without which the defendant is at risk of serious deterioration in health or death." U.S. Sent'g Guidelines Manual § 1B1.13(b)(1)(B), (b)(1)(C) (U.S. Sent'g Comm'n 2023). Additionally, an extraordinary and compelling reason exists where the defendant presents the following circumstances—

> (i) the defendant is housed at a correctional facility affected or at imminent risk of being affected by (I) an ongoing outbreak of infectious disease, or (II) an ongoing public health emergency declared by the appropriate federal, state, or local authority;

3

(ii) due to personal health risk factors and custodial status, the defendant is at increased risk of suffering severe medical complications or death as a result of exposure to the ongoing outbreak of infectious disease or the ongoing public health emergency described in clause (i); and

(iii) such risk cannot be adequately mitigated in a timely manner.

*Id.* § 1B.13(b)(1)(D).

The defendant may also "present any other circumstance or combination of circumstances that, when considered by themselves or together with any of the" examples provided by the Sentencing Commission, "are similar in gravity to" the examples provided. *Id.* § 1B1.13(b)(5). However, "rehabilitation of the defendant is not, by itself, an extraordinary and compelling reason." *Id.* § 1B1.13(d).

Mr. Welliver argues that COVID-19 has caused his custodial sentence to be significantly harsher than the Court intended and that the conditions of his confinement satisfy the extraordinary and compelling circumstances test. (Doc. 65 at 6–8.) Specifically, Mr. Welliver highlights that there has been a decrease in programing and that he has been subjected to extreme lockdowns that last for multiple days. (*Id.*) Mr. Welliver also argues that a sentence reduction would allow him to help his mother take care of his children. (*Id.* at 8.) The United States counters that COVID-19's impact on programming does not constitute an extraordinary and compelling reason for release. (Doc. 67 at 8–10.) The United States also points out that Mr. Welliver already lost custody of his children, and that he "is simply not a suitable caretaker for his children." (Id. at 8.)

The Court find that Mr. Welliver has not demonstrated extraordinary and compelling circumstances that warrant an early release. Mr. Welliver does not have any significant medical issues. COVID-19 has undoubtedly impacted the conditions of confinement in BOP facilities; however, these conditions do not amount to an "extraordinary and compelling" reason for early release. Regarding Mr. Welliver's purported need to assist in the care of his children, the Court notes that the State has already removed Mr. Welliver's children from his care. As such, Mr. Welliver's second argument also fails.

### III.   Section 3553(a) Factors

The Court must address the federal sentencing objectives set forth in 18 U.S.C. § 3553(a), which include the "nature and circumstances of the offense and the history and characteristics of the defendant," the need for the sentence "to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense," to deter criminal conduct and protect the public, and to provide effective correctional treatment, including education or vocational training and medical care. *See* 18 U.S.C. § 3553(a)(1), (2). Courts may also consider the advisory guideline range and the need to "avoid unwarranted sentencing disparities" among similarly situated defendants. *See id.* § 3553(a)(4), (6).

On October 7, 2020, Mr. Welliver was sentenced in this matter to a custodial

sentence of 84 months to be followed by 3 years of supervised release after pleading guilty to one count possession with intent to distribute heroin, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C), one count of possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A)(i), and one count of prohibited person in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). (Doc. 37.)

The offense conduct in this case involved Mr. Welliver possessing a semi-automatic pistol, a stolen 7mm bolt rifle, and 65 grams of heroin. (Doc. 39 at 5–6.) Mr. Welliver has prior felony convictions, making it unlawful for him to possess a firearm or ammunition. (*Id.* at 10, 12.)

Mr. Welliver's total criminal history score was 8 at the time of sentencing, placing him in criminal history category IV. (*Id.* at 10.) His total offense level was 23, which included one two-level upward adjustment for possessing a stolen firearm and a three-point downward adjustment for acceptance of responsibility. (*Id.* at 8.) Accordingly, Mr. Welliver's guideline range was 262 to 327 months. (*Id.* at 18.) The Court found that a substantial downward variance was warranted based on the nature and circumstances of the offense, the history and characteristics of Mr. Welliver, the need to protect the public from further crimes committed by Mr. Welliver, the need to provide Mr. Welliver with educational or vocational training, the need to avoid unwarranted sentencing disparities, and Mr.

Welliver's acceptance of responsibility. (Doc. 38 at 3–4.) Therefore, the Court has already considered the 18 U.S.C. § 3553(a) factors in considering what is a sufficient but not greater than necessary sentence for Mr. Welliver.

The Court finds Mr. Welliver's extensive criminal history, which includes multiple convictions for drug related offenses concerning. Mr. Welliver has approximately 20 months remaining on his custodial sentence. Completion of the sentence imposed will best serve the aims of sentencing under § 3553(a), especially the need to promote respect for the law, provide just punishment for the offense, deter criminal conduct, and protect the public.

## CONCLUSION

Mr. Welliver has not demonstrated an extraordinary and compelling reason to warrant a reduction of his custodial sentence. The § 3553(a) factors support denial of Mr. Welliver's request.

Accordingly, IT IS ORDERED that the defendant's motion to reduce sentence (Docs. 62) is DENIED.

DATED this 27th day of February, 2024.

_____
Dana L. Christensen, District Judge
United States District Court